### LESLIE et al. v. ROBERTS et al.
### No. 8488.

Court of Civil Appeals of Texas. San Antonio.
Nov. 5, 1930.

Rehearing Denied Dec. 3, 1930.

Ben H. Kelly and A. L. Matlock, both of San Antonio, for appellants.

Hertzberg & Kercheville, of San Antonio, for appellees.

FLY, C. J.

This suit was instituted by P. G. Roberts against J. H. Leslie, M. Coppard, trustee in bankruptcy, and the International & Great Northern Railroad Company, alleging that Leslie and wife had executed a promissory note for $300 to the Roberts Loan Company, which was due and unpaid, that said Leslie had been adjudged a bankrupt since the institution of the suit, and that Leslie and wife, on March 11, 1927, had assigned to plaintiff his wages due him by the railroad company, in the sum of $300.

The cause was heard by the county court, and judgment rendered for appellees in the

sum of $300, as against Leslie and the railroad company. Both appealed to this court.

The following recitations of fact are taken from the judgment: "The court being of the opinion that the assignment of wages or salary executed by J. H. Leslie, defendant, in connection with the note herein sued upon is a good and valid assignment of interest in wages and salary due by the International Great Northern Railroad Company, defendant, to J. H. Leslie and that notice of said assignment was given to defendant International Great Northern Railroad Company prior to the bankruptcy petition filed by J. H. Leslie, and that on May 1, 1929, the defendant International Great Northern Railroad Company tendered the sum of Three Hundred ($300.00) Dollars due J. H. Leslie as stated in its pleadings in this court and acknowledged that it was indebted in said amount to defendant J. H. Leslie, it is therefore considered by the court that the plaintiff should recover the balance of his note with interest and attorneys' fees against the defendant J. H. Leslie and against the defendant International Great Northern Railroad Company, a railway corporation, but that in view of the discharge in bankruptcy made in favor of defendant J. H. Leslie on September 17, 1929, that no personal judgment be rendered against defendant J. H. Leslie and that no execution should issue against him on this judgment."

P. G. Roberts was operating the Roberts Loan Company, and the note was executed to that company before any bankrupt proceedings were instituted, and the debt evidenced by the note was not listed by Leslie in the bankruptcy proceedings. The railroad company not only admitted the debt of $300, but tendered it into court, as shown by its pleadings, by recitals in the judgment, and the statement of facts. The testimony showed that the railroad company owed the debt to Leslie, and it can be of no interest to it who may appropriate the money if it is relieved of liability. It seems to be gratuitously fighting the battles of Leslie. The latter evidently recognized the fact that he had no interest in the $300, as he had assigned his interest to the loan company, and therefore in filing his claims and liabilities in the bankrupt court made no mention of the $300 now in controversy. Under the facts, neither of the appellants has any right to the $300. It is apparent that the cross-action by Leslie was utterly without any merit.

At the time that Leslie made the assignment to the loan company, there was no law requiring the signature of the wife to the assignment; the old law having been declared unconstitutional and the new law had not gone into effect. Article 6164, Rev. Stats.

The judgment is affirmed.